UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| TERRY EDWARD ELLISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: 3:20-CV-129-TAV-HBG |
| | ) | |
| BOBBY BROOKS, | ) | |
| SGT. STACIE ENGLAND, | ) | |
| TAMMY REAGAN, | ) | |
| CLAIBORNE COUNTY | ) | |
| SHERIFF'S OFFICE, | ) | |
| CLAIBORNE COUNTY, | ) | |
| SGT. JOSH SMITH, and | ) | |
| ROBERT SEXTON, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The Court is in receipt of a pro se prisoner's complaint for violation of 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 4].

Under the Prison Litigation Reform Act of 1995, a prisoner who files a complaint in a district court must tender the full filing fee *or* he must file (1) an application to proceed *in forma pauperis* without prepayment of fees *and* (2) a certified copy of his inmate trust account for the previous six-month period (or institutional equivalent). 28 U.S.C. § 1915(a)(2). Plaintiff has not paid the required $400.00 filing fee, nor has be submitted the proper documents to proceed *in forma pauperis*. Specifically, Plaintiff has not filed a certified copy of his inmate trust account for the previous six-month period. In a statement by the Plaintiff which accompanied the motion for leave to proceed *in forma pauperis*, Plaintiff indicates that the custodian of accounts officer at the Scott County Justice Center,

Lucas Murphy, would not complete a certified copy of his trust account because the U.S. District Court had been contacted, and "everything has been taken care of" [Doc. 5]. Accordingly, Plaintiff is **DIRECTED** to show this order to the custodian of trust accounts at his current facility, who is **DIRECTED** to make a copy of Plaintiff's inmate trust account statement, to complete and sign the certificate, and to provide Plaintiff with the certified copy of his inmate trust account statement for the six-month period preceding Plaintiff's complaint.

Plaintiff shall have thirty (30) days from the date of entry of this order to pay the full filing fee or to submit the necessary documents. Plaintiff is hereby **NOTIFIED** that if he fails to fully timely comply with this order, the Court shall presume that Plaintiff is not a pauper, shall assess the full amount of fees, and shall order the case dismissed for want of prosecution.

Further, Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any amendments and/or supplements to the complaint or any other kind of motion for relief until after the Court has screened the complaint pursuant to the Prison Reform Litigation Act, *see, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any requests to amend or supplement the complaint and/or motions filed before the Court has completed this screening.

Plaintiff is **ORDERED** to immediately inform the Court and Defendants of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to

promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**IT IS SO ORDERED.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE