UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MELVIN WALTERS, JR., and<br>TERRY EDWARD ELLISON,<br><br>    Plaintiffs,<br><br>v.<br><br>BOBBY BROOKS,<br>SGT. STACIE ENGLAND,<br>TAMMY REAGAN,<br>CLAIBORNE COUNTY<br>SHERIFF'S OFFICE,<br>CLAIBORNE COUNTY,<br>SGT. JOSH SMITH, and<br>ROBERT SEXTON,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  No.: 3:20-CV-129-TAV-HBG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM OPINION AND ORDER**

This is a pro se prisoners' complaint under 42 U.S.C. § 1983 jointly filed by Plaintiffs, each of whom have a motion for leave to proceed *in forma pauperis* [Docs. 3, 4] that is pending before the Court. For the reasons set forth below, Plaintiffs may not pursue this matter jointly. As such, each Plaintiff shall have **twenty-one (21) days** from the date of entry of this order to file a notice with the Court indicating whether he wishes to proceed in an individual § 1983 action on his own behalf, for which he will be assessed the entire $350.00 filing fee. The Clerk will be directed to mail each Plaintiff a § 1983 form that each Plaintiff must promptly complete and return to the Court if he chooses to proceed with suit.

Rule 20(a)(1) of the Federal Rules of Civil Procedure allows the permissive joinder of plaintiffs in a single action if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action. Fed. R. Civ. P. 20(a)(1). While the joinder of parties is "strongly encouraged" for purposes of judicial economy and fairness where it is appropriate, *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966), courts have recognized that there are significant practical problems with allowing multiple prisoners to file a single complaint. *See*, *e.g.*, *McLaurin v. Bagley*, No. 2:17-CV-11263, 2017 WL 1738031, at \*5 (E.D. Mich. May 4, 2017) (noting that there are "'pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which militates against permissive joinder'" even where Rule 20(a) permits it, including the "'need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated[,]'" as well as the fact that prisoner litigants are "notably transitory") (citations omitted). Additionally, courts have noted the "need for resolution of individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a)." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. Sept. 20, 2009). These unique factors in prisoner cases "make joint litigation exceptionally difficult." *Id*.

In this case, Plaintiffs allege that an officer at the Claiborne County Jail held Plaintiff Walters in a headlock while an inmate struck him, and that Plaintiff Ellison,

2

attempting to assist Walters, was also struck by the inmate [Doc. 1 p. 4]. Both Plaintiffs allege that they requested and were denied subsequent medical treatment [*Id*. at 4-5]. The complaint also appears to jointly allege that Walters and Ellison were cellmates who were placed in danger because of Defendants' failure to act upon information that another cellmate was the victim of a murder-for-hire plot [*Id*. at 5]. Therefore, it is possible that Plaintiffs' allegations might be permitted under Rule 20. The Court finds, however, that each Plaintiff has different potential causes of action against different Defendants, each has likely filed different administrative grievances (if any) against these Defendants, and it is likely that one or both Plaintiffs will be transferred from their current facility during the course of this litigation. Therefore, given the significant practical issues arising out of prisoners filing joint complaints, the Court finds that it is impractical and inefficient for the Court to allow Plaintiffs to proceed jointly.

As such, Plaintiffs are **NOTIFIED** that they will not be allowed to proceed jointly in this action. While the Court may sever this action to allow each Plaintiff to proceed separately, Fed. R. Civ. P. 21, the Court is mindful that each Plaintiff may not wish to pursue a § 1983 action in which he will be the sole Plaintiff and for which he will be assessed the entire $350.00 filing fee.

Accordingly, each Plaintiff shall have up to and including **twenty-one (21) days** from the date of entry of this order to file a notice with the Court indicating whether he wishes to proceed as the sole Plaintiff in a § 1983 action for which he will be assessed the entire $350.00 filing fee. In the event that either Plaintiff chooses to proceed with suit, he

3

must complete a new § 1983 form that contains his particularized allegations. The Clerk is **DIRECTED** to send each Plaintiff a § 1983 form for this purpose.

If any Plaintiff files a notice that he does not want to pursue his own cause of action or fails to timely comply with this order, this matter will be **DISMISSED** for failure to prosecute and/or comply with Court order as to that Plaintiff.

Also, Plaintiffs are **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within **fourteen (14) days** of any change in address may result in the dismissal of this action.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE