UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| MELVIN WALTERS, JR., | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:20-CV-129-TAV-HBG |
| | ) | | |
| BOBBY BROOKS, | ) | | |
| SGT. STACIE ENGLAND, | ) | | |
| TAMMY REAGAN, | ) | | |
| CLAIBORNE COUNTY | ) | | |
| SHERIFF'S OFFICE, | ) | | |
| CLAIBORNE COUNTY, | ) | | |
| SGT. JOSH SMITH, and | ) | | |
| ROBERT SEXTON, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM OPINION AND ORDER

The Court is in receipt of a pro se prisoner's amended complaint under 42 U.S.C. § 1983 [Doc. 14], along with his certified inmate trust account statement [Doc. 11] and related motion for leave to proceed *in forma pauperis* [Doc. 3].

I. **MOTION TO PROCEED *IN FORMA PAUPERIS***

A review of Plaintiff's certified inmate trust account record demonstrates that Plaintiff lacks sufficient financial resources to pay the filing fee [Doc. 11]. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 3] will be **GRANTED**.

Because Plaintiff is an inmate in the Scott County Justice Center, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is

**DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this order to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

**II.      SCREENING**

    **A.      Screening Standard**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail

to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself

3

Case 3:20-cv-00129-TAV-HBG   Document 16   Filed 05/04/20   Page 3 of 11   PageID #: 70

create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

B. **Procedural Background and Plaintiff's Allegations**

Plaintiff initially filed the instant civil action jointly with another inmate [Doc. 1]. The Court subsequently advised the inmates that they would not be permitted to proceed jointly and directed the Clerk to send both inmates a § 1983 form that each should complete and submit to the Court if he wished to proceed in an individual civil action [Doc. 12]. Plaintiff subsequently completed a § 1983 form and returned it to the Court [Doc. 14], alleging the following:

In the early morning hours of February 11, 2020, Claiborne County Justice Center Officer Robert Sexton opened the doors to two different cells [Doc. 14 p. 4]. Inmate Danny King was in one of the cells opened, and Plaintiff and his cellmates were in the other [*Id.*]. King, a "known enemy" to Plaintiff, physically assaulted Plaintiff and his cellmates [*Id.*]. Plaintiff maintains that during this assault, Officer Sexton held Plaintiff in a headlock, thereby allowing King to strike Plaintiff in the head and face several times [*Id.*]. Thereafter, Sergeant Josh Smith denied Plaintiff medical attention [*Id.*].

Plaintiff asserts that Sheriff Bobby Brooks and Jail Administrator Tammy Reagan "were aware of the problem between [Plaintiff] and inmate King" due to letters and grievances Plaintiff wrote each of them days before the incident [*Id.*].

4

### C. Analysis

#### 1. Matters to be Dismissed

##### a. Claiborne County Sheriff's Office

First, the Court finds that the "Claiborne County Sheriff's Office" is not a suable entity under § 1983, and it will be **DISMISSED**. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (holding county jail is a department of the county and not a legal entity); *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983").

##### b. Claiborne County

Second, the Court notes that Claiborne County cannot be held liable under § 1983 for any "injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978). Rather, it is only when the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. As such, "[a] plaintiff raising a municipal liability claim under § 1983 must demonstrate that the alleged violation occurred because of a municipal policy or custom." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). The Court finds that there are no facts in the instant complaint to suggest that any harm to Plaintiff occurred because of a custom or policy maintained by Claiborne County, and this Defendant will be **DISMISSED**.

### c. Stacie England

Third, the Court finds that Plaintiff's complaint lacks any allegations of wrongdoing by Sgt. Stacie England [Doc. 14]. In the initial, jointly filed complaint, it was alleged that Sgt. England improperly placed "Inmate Combs" in Plaintiff's pod, even though the inmate had attempted to hire someone to murder one of Plaintiff's cellmate [Doc. 1 p. 5-6]. However, this allegation was not duplicated in the instant complaint, and this amended pleading supersedes the allegations of the initial complaint. *See Shreve v. Franklin Cty., Ohio*, 743 F.3d 126, 131 (6th Cir. 2014) ("An amended pleading that is complete in itself and does not refer to or adopt a former pleading as a part of it supersedes or supplants the former pleading.") (quoting 61B Am. Jur.2d Pleading § 789). Moreover, Plaintiff does not allege that he was in any way harmed by Inmate Combs, and Combs' mere placement in the same pod as Plaintiff does not evince a deliberate indifference to Plaintiff's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (holding that to prevail on a failure-to-protect claim, inmate must demonstrate incarceration under conditions posing risk of serious harm and deliberate indifference to inmate's health or safety). Accordingly, to the extent that Plaintiff intended for Sgt. Stacie England to be a Defendant in this action, the Court finds Defendant England should be **DISMISSED**.

### d. Josh Smith and Medical Care Claim

Plaintiff has also alleged that he requested and was denied medical treatment by Sgt. Josh Smith [*Id.*]. It is well settled that the Constitution does not guarantee a prisoner "unqualified access to healthcare." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). However,

6

the denial of constitutionally adequate medical care violates the Eighth Amendment's prohibition against cruel and unusual punishment, which proscribes acts or omissions that produce an "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). To state an Eighth Amendment claim for the denial of medical treatment, a plaintiff must show a "sufficiently serious" medical need, and the defendant's "deliberate indifference" to that need. *Farmer*, 511 U.S at 834, 842. A medical need is "serious" if it has been diagnosed by a physician as requiring treatment or is so obvious that a lay person would easily recognize the necessity for a doctor's attention. S*ee, e.g., Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 896-97 (6th Cir. 2004). However, *de minimis* physical injuries will not sustain an Eighth Amendment claim for the denial of medical care. *Jarriett v. Wilson*, 162 F. App'x 394, 400 (6th Cir. 2005) (collecting cases).

While Plaintiff maintains that he was struck in the head and face by Inmate King's assault, Plaintiff's complaint does not allege that he suffered any injuries, much less any that resulted in a serious medical need, as a result of the alleged attack [Doc. 14 p. 4]. Additionally, Plaintiff cannot recover for emotional or mental injury resulting from the denial of medical care absent an injury that is greater than *de minimis*. 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]"); *see also Jarriett*, 162 F. App'x at 400. Therefore, Plaintiff has not alleged a viable Eighth Amendment claim for the denial of medical treatment against Sgt. Josh Smith, and this claim and Defendant will be **DISMISSED**.

### e.     Claim for Injunctive Relief

Plaintiff requests that injunctive relief be awarded in this action [Doc. 14 p. 5]. However, Plaintiff is no longer incarcerated in the Claiborne County Justice Center [*Id.* at 2]. Therefore, Plaintiff's request for injunctive relief is moot. *See, e.g., Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996) (holding inmate's claim for declaratory and injunctive relief against prison officials became moot once prisoner was transferred to different facility). Accordingly, this request is **DENIED**.

### 2.     Matters Permitted to Proceed

Plaintiff has additionally alleged that Defendants Brooks, Reagan, and Sexton failed to protect him, and that Defendant Sexton subjected him to excessive force [Doc. 14 p. 4]. The Eighth Amendment guarantees prisoners a constitutionally protected right to personal safety. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Included therein is the right to be free "from violence at the hands of other prisoners." *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (quoting *Farmer*, 511 U.S. at 833). As such, prison officials must "to take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). A jail official may violate this right by being deliberately indifferent to a prisoner's risk of injury. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 880–81 (6th Cir. 1988). An officer is deliberately indifferent to such a risk where he is "subjectively aware of the risk" and "disregard[s] that risk by failing to take reasonable measures to abate it." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (*quoting Farmer*, 511 U.S. at 847).

8

Here, Plaintiff alleges that Sheriff Bobby Brooks and Jail Administrator Tammy Reagan personally knew that a particular inmate posed a particular threat to Plaintiff and failed to remove him from close proximity to Plaintiff, which resulted in an attack on Plaintiff that Officer Sexton permitted [Doc. 14 p. 4]. Therefore, the Court will allow a failure-to-protect claim to **PROCEED** against Defendants Brooks, Reagan, and Sexton.

Plaintiff also maintains that Officer Sexton engaged in an act of force that allowed the attack to escalate against Plaintiff and prevented him from withdrawing from the conflict [*Id.*]. Accordingly, the Court will allow an excessive force claim to **PROCEED** against Defendant Sexton. *See Hudson v. McMillan*, 503 U.S. 1, 6, 9 (1992) (holding prohibition against excessive force involves a two-part inquiry: (1) "whether force was applied in a good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm," and (2) whether the conduct, in context, is sufficient serious to offend "contemporary standards of decency"); *see also Wilkins v. Gaddy*, 559 U.S. 34, 34 (2010) (noting excessive force claims must be assessed "on the nature of the force rather than the extent of the injury").

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 3] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Court's financial deputy;

5. Plaintiff's claim that Defendants Brooks, Reagan, and Sexton failed to protect him, and that Defendant Sexton subjected him to excessive force, shall **PROCEED**;

6. The Clerk is hereby **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Brooks, Reagan, and Sexton;

7. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within thirty (30) days of entry of this memorandum and order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Fed. R. Civ. P. 4;

8. Plaintiff is **NOTIFIED** that failure to return the completed service packet within the time required may result in dismissal of this action for want of prosecution and/or failure to follow Court orders;

9. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, any such failure may result in entry of judgment by default;

10. Defendants Claiborne County, Claiborne County Sheriff's Office, Sgt. Stacie England, and Josh Smith are **DISMISSED**;

11. Plaintiff's claim for the denial of medical treatment is **DISMISSED**;

12. Plaintiff's request for injunctive relief is **DENIED** as moot; and

13. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to

this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE