UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| MELVIN WALTERS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:20-CV-129-TAV-HBG |
| | ) | |
| BOBBY BROOKS, | ) | |
| TAMMY REAGAN, and | ) | |
| ROBERT SEXTON, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. On August 4, 2020, the Court entered an order providing that Plaintiff would have twenty (20) days from the date of entry of the order to show cause as to why this matter should not be dismissed for failure to prosecute [Doc. 22]. The deadline has passed, and Plaintiff has not complied with the show cause order. Further, the United States Postal Service returned the Court's mail containing the show cause order as undeliverable, with a notation indicating that the inmate was no longer at the address of record [Doc. 25].

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1)  whether the party's failure is due to willfulness, bad faith, or fault;
> (2)  whether the adversary was prejudiced by the dismissed party's conduct;
> (3)  whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous show cause order is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff did not receive the order because he failed to update his address and/or monitor this action as this Court's Local Rule 83.13 requires. As such, the first factor weighs in favor of dismissal. As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants. As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's orders. Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff is a prisoner proceeding *in forma pauperis* [Doc. 16], and has not communicated with the Court or pursued this case in several months [*See, e.g.,* Doc. 18].

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE